THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE JACKSON, Defendant-Appellant.

First District (2nd Division)   No. 77-744

Opinion filed February 6, 1979.

Ralph Ruebner and Steven Clerk, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Pamela Louise Gray, and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Willie Jackson was indicted for rape, burglary and aggravated kidnapping. On January 28, 1976, defendant demanded trial. On the 160th day after defendant's trial demand, the State requested and received a 60-day extension under the Fourth Term Act (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c)). After a jury trial, defendant was convicted of rape, burglary and aggravated kidnapping and was sentenced to 15 to 45 years in prison. Defendant appeals.

The sole issue on review is whether the court abused its discretion in granting to the State a 60-day extension of the statutory trial term.

586

We affirm.

On January 23, 1975, defendant was indicted for rape, burglary and aggravated kidnapping. On January 28, 1976, defendant informed the court that he was ready for trial and demanded trial. The court continued the matter to March 29, 1976. On March 29, 1976, defendant again demanded trial, and the cause was continued to May 26, 1976. The cause was further continued by the court on several occasions and scheduled for trial on July 6, 1976. On July 6, the last day of the 160-day term, the State filed a petition for an extension of time under the Fourth Term Act (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c)) in order to locate the alleged victim, Barbara Dortch. At a hearing held on that date, defense counsel did not object to the petition but asked only that the State put into evidence their efforts to contact the alleged victim and material witness, and the grounds for the State's belief that she would be contacted within 60 days.

At the hearing Assistant State's Attorney Murray testified as follows: Murray had attempted to contact the alleged victim approximately one month before the end of the trial term. At the time of the alleged rape, Ms. Dortch was visiting Chicago but resided in Mississippi. Ms. Dortch left her Mississippi address with Murray; she did not have a telephone at that address in Mississippi, but she did give Murray the telephone number of a neighbor. Murray telephoned the neighbor six times, beginning approximately a month before the end of the trial term. On one occasion Murray spoke with the victim's father who informed him that Barbara Dortch had moved to Jackson, Mississippi. Her father did not know her address but would attempt to locate his daughter and direct her to contact Murray. Murray again called the neighbor, and an unidentified man told him that the victim's mother "lived in the vicinity" and that she would know Barbara Dortch's new address. Murray further testified that if the court granted the extension, the State would locate the victim's mother and secure the whereabouts of Barbara Dortch.

Defense counsel did not cross-examine Murray or refute his testimony. After the court granted the State's request for a 60-day extension, defense counsel agreed to an August 9, 1976, trial date. The trial in fact commenced on September 8, 1976, and Barbara Dortch was present and testified. Defendant was convicted of rape, burglary and aggravated kidnapping.

■■ Defendant contends that the court abused its discretion in granting the State's request for a 60-day extension of the 160-day trial term under the provisions of the Fourth Term Act (Ill. Rev. Stat. 1975, ch. 38, par. 103—5). Subsection (c) of the Fourth Term Act provides as follows:

"If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and

that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

A court has discretion to grant an extension of the 160-day trial term, and a reviewing court should not disturb that judgment unless there has been a clear abuse of discretion. *People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Watson* (1st Dist. 1977), 47 Ill. App. 3d 665, 365 N.E.2d 95.

■■ Where the State petitions for an extension of the statutory trial term, the State is required to demonstrate due diligence. (*People v. Payne* (1st Dist. 1975), 30 Ill. App. 3d 624, 628, 332 N.E.2d 745.) Defendant alleges that the State's delay in attempting to locate Barbara Dortch establishes a lack of diligence. Defendant cites *People v. Shannon* (1st Dist. 1975), 34 Ill. App. 3d 185, 340 N.E.2d 129, in support of this contention. In *Shannon* the State was granted an extension on the final day of the four month trial term. The appellate court reversed defendant's conviction and ordered him discharged because the State had reason to know, long before trial, that their witnesses might not be available for trial. Two of the three witnesses were police officers who were on vacation on the original trial date. The State first attempted to secure their appearance only four days before trial despite the fact police vacation schedules had been prepared 14 months in advance. The State attempted to locate the third witness six days before the trial date although the record revealed that 2½ months prior to trial the victim's wife learned the witness had gone to St. Louis.

In the case at bar, unlike *Shannon*, there was no evidence that the State had reason to know that the victim had moved to Jackson, Mississippi, and that she would be difficult to locate. Assistant State's Attorney Murray testified at the hearing for an extension of the term that he attempted to locate Barbara Dortch approximately "three weeks to a month" before trial. Ms. Dortch did not have a telephone, but she left with Murray her address in Mississippi and the telephone number of a neighbor. Murray telephoned the neighbor six times in an effort to locate the victim. On one of the six occasions Murray spoke with the victim's father and learned that Barbara Dortch had moved to Jackson, Mississippi. Her father stated that he would attempt to locate her and direct her to contact Murray. Murray again telephoned the neighbor and spoke with an unidentified man who stated that the victim's mother lived nearby, and that she would know the victim's whereabouts. The State's Attorney sought the extension, alleging that the victim's mother would have knowledge of Barbara Dortch's location. The record indicates the Assistant State's Attorney's efforts to locate the victim, including the conversations with her neighbors and her father, and the attempt to locate

her mother, were sufficient to demonstrate due diligence. See *People v. Craigwell* (1st Dist. 1976), 40 Ill. App. 3d 889, 894, 353 N.E.2d 101; *People v. Stephens* (1st Dist. 1973), 13 Ill. App. 3d 642, 650, 301 N.E.2d 89.

■■ We note that at the hearing for the extension, defendant did not deny the State's allegations of diligence, nor did defendant object to the court's grant of an extension. Defense counsel requested only that the State "put into evidence its basis or efforts it has made to make their contact, and what reasonable grounds they have to believe in the next 60 days they are going to make the witness appear." Allegations of fact in support of a motion for an extension of the trial term will prima facie satisfy the State's burden to demonstrate diligence in the absence of any denial of the allegations by defendant. (*People v. Gamble* (1st Dist. 1976), 41 Ill. App. 3d 394, 400, 353 N.E.2d 136.) We conclude that in the case at bar the court did not abuse its discretion in granting an extension of the trial term.

For the foregoing reasons we affirm defendant's conviction.

Affirmed.

STAMOS, P. J., and HARTMAN, J., concur.