THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGARIO GARCIA, Defendant-Appellant.

Second District    No. 2—91—1414

Opinion filed October 7, 1993.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford, and Terence M. Sheen and Joel J. DeGrazia, both of Daniels & Sheen, of Elmhurst (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Defendant, Gregario Garcia, was charged by indictment with the offense of aggravated criminal sexual assault (Ill. Rev Stat. 1989, ch. 38, par. 12—14(a)(2) (now 720 ILCS 5/12—14(a)(2) (West 1992))) based on allegations that, while baby-sitting four-year-old M.D., he placed his finger or some other object in M.D.'s vagina, causing bodily injury. Following a jury trial in the circuit court of Winnebago County, defendant was found guilty of the offense and was sentenced to 25 years' imprisonment. Defendant contends on appeal that he was not brought to trial within the period specified in section 103—5 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 103—5 (now codified, as amended,

at 725 ILCS 5/103—5 (West 1992))), and his conviction must therefore be reversed.

Defendant was arrested on February 13, 1991, and remained in custody throughout the period preceding his trial, which ultimately took place between October 21 and October 25, 1991. Defendant was originally charged by complaint, and his preliminary examination was initially set for March 1, 1991. However, on that date, the public defender's office, which had been appointed to represent defendant, moved to withdraw on the basis that a member of the public defender's staff and the spouse of another staff member were potential witnesses in the case. The trial court granted the public defender's motion and continued the case for preliminary examination on March 18, indicating that the delay would be attributed to the defendant. However, prior to March 18, defendant was indicted, so no preliminary examination was conducted.

On March 6, a private attorney was appointed to represent defendant after another attorney, who had been selected to represent defendant at the time of the public defender's withdrawal, declined the appointment because of a conflict of interest. The trial court subsequently set the case for trial on May 20. However, defendant moved for a continuance on the basis that his attorney was involved in another case set for trial on May 20. The trial of defendant's case was continued to July 15. On July 3, defendant filed a motion for a continuance stating that additional discovery from the State had been requested and defense counsel needed additional time to investigate the case. The motion for a continuance was heard on July 9, and the trial court set a new trial date of September 23. Later on July 9, the parties returned to court and defendant indicated, in essence, that he had been coerced into agreeing to a continuance, and he wished to reinstate the July 15 trial date. The trial court acknowledged defense counsel's desire for a continuance, but stated, "I think the Defendant has a right to control in this case." At that point, the assistant State's Attorney indicated that the State might not be prepared for trial on July 15.

On July 10, the State filed a written motion for a continuance pursuant to section 114—4(c) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 114—4(c) (now 725 ILCS 5/114—4(c) (West 1992))), seeking to set the case for trial on September 23. In support of the motion, the State represented that three material witnesses, Julie Lindgren, Ruth Nolan and Patricia Corona, would be unavailable on July 15. Ms. Lindgren was to be absent from the State from July 12 to July 22, and Ms. Nolan was scheduled to be out of town from July 16 to

July 18. According to the motion, Ms. Corona had apparently sold her house and moved without notifying the State, and the Loves Park police department was attempting to locate her. The motion was heard on July 10. Defense counsel stated that he was renewing his motion for a continuance, notwithstanding defendant's objection. Defense counsel further indicated that he would seek to withdraw if the case was not continued. Defendant again stated that he wanted to go to trial on July 15.

The trial court noted that, according to its calculation, the 120-day period for bringing defendant to trial pursuant to section 103—5(a) of the Code would expire early in September. Although the State brought its motion for a continuance under section 114—4(c) of the Code, the court found that the State had satisfied the requirements of section 103—5(c) of the Code for a continuance extending the speedy trial term. The trial court denied defendant's motion for a continuance, but granted the State's motion and set the cause for trial on September 23.

On September 19, defense counsel requested an additional continuance (over defendant's objection), stating that he was involved in another trial. The cause was continued to October 7. On October 3, defense counsel sought another continuance indicating that due to his involvement in two other trials, he had been unable to adequately prepare for defendant's trial. Again over defendant's objection, the trial court granted the requested continuance. Defendant's jury trial commenced on October 21, and on October 25, the jury returned a verdict of guilty.

Section 103—5(a) of the Code provides, in pertinent part, "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a) (now codified, as amended, at 725 ILCS 5/103—5(a) (West 1992)).) A defendant in custody is not required to make a demand for a speedy trial; the 120-day speedy trial period begins to run automatically. (*People v. Cavitt* (1993), 246 Ill. App. 3d 514, 519.) Under section 103—5(c), however, "[i]f the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c) (now codified, as amended, at 725 ILCS 5/103—5(c) (West 1992)).) On the basis of this

provision, the trial court granted the State's July 10, 1991, motion for a continuance and set the cause for trial on September 23, 1991. Defendant insists that it was error to do so.

Initially, we consider the State's argument that the issue of whether defendant's right to a speedy trial was violated has been waived because defendant failed to file a timely motion for discharge based on the claimed violation. Prior to the enactment of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 100—1 *et seq.* (now 725 ILCS 5/100—1 *et seq.* (West 1992))), the rule had developed that an accused claiming a violation of the right to a speedy trial was required to file a motion seeking discharge *prior to conviction.* (*People v. Pearson* (1981), 88 Ill. 2d 210, 219.) In *Pearson,* our supreme court observed that with the enactment of the Code such motions must now be made *prior to trial.* (*Pearson,* 88 Ill. 2d at 219.) Section 114—1 of the Code provides, in pertinent part:

> "Motion to dismiss charge. (a) Upon the *written motion* of the defendant *made prior to trial* before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:
>
> (1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;
>
> * * *
>
> (b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. *Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor * * * are waived."* (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 114—1 (now codified, as amended, at 725 ILCS 5/114—1 (West 1992)).

■ While defendant unequivocally opposed any continuance from the July 15 trial date, no motion, written or oral, was made seeking discharge or dismissal on the basis of a violation of section 103—5. Defendant contends that because he objected to any continuance of the cause and because the trial court considered the merits of the question presented on appeal—whether the State was entitled to an extension of the speedy trial period under section 103—5(c) of the Code—the issue is preserved for our review. In support of this argument, defendant relies on *People v. Bowman* (1990), 138 Ill. 2d 131, 146, wherein it was stated that "formal procedures may be waived if it appears that the court has considered the merits of the motion." That statement pertained to an attorney's motion to with-

draw pursuant to Supreme Court Rule 13(c) (134 Ill. 2d R. 13(c)), not a motion to dismiss criminal charges based upon a violation of the defendant's speedy trial right. Notwithstanding the apparent generality of the statement in *Bowman*, we do not believe the principle applies in the context of the case at bar. Unlike Rule 13(c), section 114–1 of the Code expressly provides for waiver of issues not properly presented to the trial court in a motion to dismiss. Defendant has cited no authority suggesting that a general objection to a request for an extension of the speedy trial term is a suitable substitute for a motion to dismiss in compliance with section 114–1. We find it inappropriate to relax the requirement of a motion for discharge or to dismiss in the case at bar.

Defendant also directs our attention to the following demand he made in open court on October 3, 1991, during a hearing on a request for a continuance filed by defense counsel over defendant's objection:

"I object to any further delays. October 10th of this year I will be here 240 days. October 10th will exceed or the 11th will exceed my 120 days. If I don't go in to trial within 120 days I demand to be released with regard to my rights."

This statement and similar ones made by defendant during a court appearance on September 19 merely reflect his objection to delays occurring after September 23. Defendant never indicated that he was entitled to release on the basis of an *existing* violation of his right to a speedy trial; he only objected to further continuances. Indeed, during the proceedings on September 19 defendant stated, "it's October 9th or 10th that will exceed the 120 days or on the 120th day. I am not going to waive my rights from 120 days this time for nobody." Defendant's final word on the subject was a demand made during a court appearance on October 3 that the cause proceed to trial on October 7. The issue on appeal is whether the trial court erred in granting the State a continuance to September 23. Defendant's statements in court on September 19 and October 3 are not addressed to this issue.

■ Accordingly, the State is correct that the defendant failed properly to preserve for review the issue of whether his right to a speedy trial was violated. Defendant contends, however, that even if the issue is waived, we should still consider the merits, because his attorney's failure to preserve the issue constitutes ineffective assistance of counsel. The failure of counsel to move for discharge of his client on the ground of a speedy trial violation will constitute ineffective assistance of counsel when there is at least a reasonable

probability that the client would have been discharged had a timely motion been filed and there is no justification for the attorney's decision not to file a motion. (*People v. Staten* (1992), 236 Ill. App. 3d 1032, *leave to appeal granted* (1993), 149 Ill. 2d 659.) "However, failure of counsel to move for discharge cannot demonstrate either deficient performance on his part or prejudice to defendant where there were no lawful grounds to do so." (*People v. Howard* (1985), 130 Ill. App. 3d 967, 973; see also *People v. Jarnagan* (1987), 154 Ill. App. 3d 187, 193.) We will therefore examine the merits of defendant's claimed speedy trial violation in order to determine whether he might have been deprived of the right to the effective assistance of counsel.

■ In addition to its procedural waiver argument, the State also maintains that defendant expressly waived his right to a speedy trial in his motions for continuances filed in May and July. Defendant's first motion (continuing the case from May 20 to July 15) states, "the defendant agrees to the continuance, understanding his right to be tried within 120 days of his arrest, and the State does not object to the continuance." The motion filed in July, which defendant later, in effect, repudiated, states, "The defendant has previously waived his rights to the 120 day Rule." We do not agree with the State that these statements constituted a general waiver of defendant's speedy trial rights, which would indefinitely suspend the term within which the State was required to bring defendant to trial. The statement quoted above from the earlier motion does not mention waiver. At most, this statement and the later statement that defendant had "previously waived" his right to trial within 120 days of being taken into custody merely acknowledge that the speedy trial term would be temporarily suspended for the length of the continuance. Nothing in the record evidences a more expansive waiver.

In support of its argument, the State relies on *People v. Laws* (1990), 200 Ill. App. 3d 232. In *Laws*, the court took note of a trial court order stating, "Defendant specifically waives his right to a speedy disposition of this cause through his counsel." (200 Ill. App. 3d at 235.) The appellate court held that after such a waiver, the defendant was required specifically to request a speedy trial in order to restore his rights in that regard. The factual basis for the trial court's finding of waiver in *Laws* is not set forth in the text of the opinion. However, we do not believe a similar finding of waiver is warranted by the record in the case at bar.

Turning to the merits of this appeal, defendant begins his argument with a discussion of the calculation of the applicable 120-day period for bringing him to trial. Defendant concedes that the speedy trial period was properly tolled by his request for a continuance from the original trial date of May 20 until July 15. Defendant maintains, however, that he was not responsible for any delay prior to that time. Defendant first contends that he should not have been charged with any delay in connection with changes in attorneys which occurred early in the case as a result of actual or potential conflicts of interest. When the public defender withdrew from the case on March 1, 1991, and defendant's preliminary examination was postponed until March 18, the trial court stated that the delay would be attributed to defendant. However, on July 10, 1991, when the trial court computed the elapsed time for speedy trial purposes in connection with the State's motion for a continuance, the court did not treat the speedy trial period as having been tolled from March 1 to March 18. Since the trial court ignored its earlier ruling, defendant suffered no harm. Moreover, the State has not argued that the trial court erred by failing to abide by its prior ruling. It is therefore unnecessary for us to consider whether the March 1, 1991, ruling was in error.

In computing the statutory speedy trial term, the only periods that the trial court charged to defendant were those from April 4, 1991, to April 30, 1991, and from May 20, 1991, to July 15, 1991. As noted above, defendant does not challenge the trial court's determination with respect to the period from May to July. We agree with defendant, however, that the trial court erred in concluding that the statutory period was suspended during the 26-day period in April 1991. The court stated that on April 4 the cause had been continued, on defendant's motion, to April 18, and that on April 18, the cause was again continued on defendant's motion to April 30. The record reflects that at the conclusion of a hearing on March 27, the cause was set for a status hearing before Judge David F. Smith on April 18, 1991. For reasons that are unclear from the record, proceedings in open court occurred on April 4, 1991. Neither the attorneys present nor the judge presiding over those proceedings had previously been involved in the case. The attorneys who appeared were apparently standing in for the attorneys principally responsible for the case. The sole action taken on April 4 was to place the cause on Judge Smith's April 18 status call. We find no basis for charging defendant with delay on account of these proceedings. We can only surmise that the trial court's decision to charge defendant

with delay from April 4 to the previously scheduled April 18 status hearing resulted from a misconception as to what had transpired during the April 4 proceedings before a different judge.

We also agree that the trial court erred in characterizing the period from April 18, 1991, to April 30, 1991, as delay caused by defendant. On April 18, the matter was set for status and for a bond hearing on April 30. Defendant thereafter filed a motion for recognizance bond or bond reduction, and a hearing was conducted on May 3, 1991. The matter of bail was essentially collateral to the trial of the cause, involved no significant evidentiary questions and does not appear to have been an obstacle to the prosecution. (See *People v. Frame* (1988), 165 Ill. App. 3d 585, 591.) We do not view the matter as causing any delay in the case at bar. *Frame*, 165 Ill. App. 3d at 591.

Accordingly, we agree with defendant that the 120-day term expired on August 8, 1991. Although the trial court was mistaken in its belief that the statutory speedy trial term continued to early September, we note that the trial date of September 23 was within 60 days after the end of the speedy trial term, the maximum length for a continuance under section 103—5(c). (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c) (now codified, as amended, at 725 ILCS 5/103—5(c) (West 1992)).) Defendant argues, however, that under the circumstances of this case the State was not entitled to a continuance beyond the original 120-day period and that his statutory right to a speedy trial was violated.

■ The prerequisites for an extension of the 120-day period for trying an accused in custody are showings by the State that it has diligently sought, without success, to obtain material evidence within the term and that such evidence will be available at a later day. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c) (now codified, as amended, at 725 ILCS 5/103—5(c) (West 1992)); *People v. Howard* (1985), 130 Ill. App. 3d 967, 976.) The determination of whether to grant such an extension is a matter for the trial court's discretion which will not be disturbed on appeal absent a showing of an abuse of that discretion. *People v. Arndt* (1972), 50 Ill. 2d 390, 393; *People v. Almo* (1984), 123 Ill. App. 3d 406, 411, *aff'd* (1985), 108 Ill. 2d 54.

The State's motion for a continuance was filed five days before the date scheduled for trial, and 29 days before the end of the statutory 120-day period. In support of the motion the State represented that three witnesses, Julie Lindgren, Ruth Nolan and Patricia Corona, were unavailable on the July 15 trial date. Accord-

ing to the motion, Ms. Lindgren would be out of the State from July 12 to July 22 and Ms. Nolan would be out of Rockford from July 16 to July 18. The State represented that it had discovered that Ms. Corona's house had been sold and was unaware of her whereabouts but was attempting to locate her with the assistance of the Loves Park police department. It appears that the State may have been mistaken about Ms. Corona having moved, since in her trial testimony she gave as her current address the same address from where the State believed she had moved.

The trial court expressed concern that the State did not attempt to resolve the scheduling problems involving witnesses Lindgren and Nolan earlier, noting that the July trial date had been set in mid-May. However, regardless of whether the State showed diligence in attempting to secure the attendance of those two witnesses, the problem in locating Ms. Corona supplied grounds for a continuance. Where, despite diligent efforts, the prosecution has been unable to locate a material witness, but it is reasonable to conclude that the witness will be located in the future, the trial court may grant an extension of the speedy trial term. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c) (now codified, as amended, at 725 ILCS 5/103—5(c) (West 1992)).) In past decisions involving material witnesses who relocated prior to trial without informing the prosecution, extensions of the speedy trial term were held to have been properly granted. (See, *e.g., People v. Jackson* (1979), 68 Ill. App. 3d 585, 587; *People v. Torres* (1977), 53 Ill. App. 3d 171, 183; *People v. Watson* (1977), 47 Ill. App. 3d 665, 666-68; *People v. Robinson* (1976), 44 Ill. App. 3d 447, 450-51.) Here, the State had no reason to suspect that Ms. Corona had moved (as was believed to be the case at the time the continuance was sought), and there is nothing to indicate any lack of diligence on the State's part. While, as noted above, it is unclear whether Ms. Corona had actually moved, based on the circumstances as they appeared at the time of the State's request for a continuance, the trial court did not abuse its discretion in granting the State additional time to locate the apparently missing witness. "In determining whether the granting of the continuance was a reasonable exercise of discretion, the situation must be viewed as it was presented to the trial judge at the time, not as it might appear in retrospect in the light of subsequent events." *People v. Poland* (1961), 22 Ill. 2d 175, 178 (rejecting defendant's argument that the State had no intention of presenting testimony of unavailable witness, but merely used her as a pretense to secure a continuance).

Defendant contends that although a continuance from the July 15, 1991, trial date may have been appropriate, the matter should still have been set for trial within the speedy trial period. Defendant argues that the record does not establish that the cause could not have been tried before the end of the statutory 120-day period set forth in section 103—5(a). There is no requirement that a request for a continuance extending the speedy trial term be made only at a time immediately prior to the expiration of the term. (*People v. Harris* (1979), 70 Ill. App. 3d 363, 366 (60-day extension granted one day before expiration of codefendant's speedy trial term, but more than 30 days before expiration of defendant's term, was not premature); *People v. Moore* (1975), 27 Ill. App. 3d 337, 340 (extension granted five days prior to expiration of term was not premature).) Of course, the trial court's exercise of discretion must be guided by the purpose of section 103—5, which is to protect the defendant's constitutional right to a speedy trial. (*People v. Hannah* (1975), 31 Ill. App. 3d 1087, 1089.) Accordingly, there may be cases where the request for a continuance is sufficiently in advance of the expiration of the speedy trial period, and it is sufficiently clear that the case can practicably be tried within the speedy trial period, such that an extension of the speedy trial period would be an abuse of discretion.

However, each case must be decided on its own facts, and, under the circumstances of the case at bar, we believe the length of the continuance was appropriate. The record reveals genuine obstacles to an earlier trial date. During proceedings on July 9, at a point when defendant was agreeable to a continuance, the trial court noted that its trial calendar was essentially full in August. The court further observed that for most of the second week in August the judges of the circuit court would be attending a judicial conference and would be unavailable. Even to the extent that the cause might have been assigned to another judge to accommodate defendant's desire for a trial within the speedy trial period (see *People v. Richards* (1980), 81 Ill. 2d 454), the record reflects that certain important prosecution witnesses, including a Loves Park police officer who investigated the alleged offense and a physician who treated M.D. for injuries allegedly caused by defendant, were unavailable for suggested trial dates in August. Defendant now argues that there were dates prior to the expiration of the statutory period during which he could have been tried. During the proceedings below, however, when possible trial dates were being evalu-

ated, defendant (who at other times spoke freely in court on his own behalf) remained silent.

■■ Defendant seeks to analogize this case to *People v. Richards* (1980), 81 Ill. 2d 454, in which it was held that the trial court abused its discretion in extending the defendant's speedy trial term. In *Richards*, the matter had been set for trial on November 17, 1976, which was two days prior to the end of the speedy trial term. On November 4, the State moved for an immediate trial or for continuance on the basis that the complaining witness would be unavailable on November 17 because she was scheduled to participate in a job training program. At the time the State made its motion, the complaining witness was present, and the court was informed that both sides were ready for trial if the continuance was denied. Under these circumstances, because there was no apparent reason why the trial could not proceed on November 4, our supreme court held that it was an abuse of discretion to grant an extension beyond the 120-day period. The circumstances which led the court to find an abuse of discretion in *Richards* are not present here. The parties here were not prepared to try the case at the time the State sought a continuance. The record reflects that in continuing the case to September 23 the trial court, with due regard for defendant's right to a speedy trial, reasonably concluded that an earlier trial date would not be practical. Defendant suggests that the "missing" witness (Ms. Corona) could have been located and the cause tried during the last week in July. The trial court apparently concluded otherwise, and, based on the record, we cannot say this conclusion was in error. Accordingly, in light of the circumstances of this case, the trial court did not abuse its discretion by continuing the case for trial on September 23. Moreover, because no violation of defendant's right to a speedy trial occurred, a motion for discharge would have been unavailing, and defendant therefore cannot premise a claim of ineffective assistance of counsel on his attorney's failure to file such a motion. See *People v. Howard* (1985), 130 Ill. App. 3d 967, 977.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER and COLWELL, JJ., concur.