No. 3--05--0821

Filed June 26, 2007.
IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellant, | ) ) | No. 02-DT-1514, 02-DT-15 |
| v. | ) ) | |
| NICOLE CONERS, | ) ) | Honorable Marzell Richardson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Defendant, Nicole Coners, was charged with driving under the influence of alcohol (625 ILCS 5/11--501 (West 2004) (DUI)). She moved for dismissal of the charges based upon a violation of her statutory right to speedy trial. The trial judge granted the motion to dismiss and the State appeals. We reverse and remand this case for further proceedings.

FACTS

The facts of this appeal are very narrow. There is only one period of delay in dispute. Defendant, who was out of custody on a personal recognizance bond, filed a written speedy trial demand and a motion to quash arrest and suppress evidence (motion to suppress). On May 1, 2002,

defendant appeared in court with her attorney and waived jury trial.[1]  The case was set for July 24th for a hearing on the motion to suppress and for bench trial.  The written order and the docket entry for May 1st indicate that the case was continued on motion of defendant.  The trial court, in a later ruling,  attributed this 85 day period of delay to the State and found that 185 days had elapsed in defendant's speedy trial term.  The trial court concluded, therefore, that defendant's statutory right to speedy trial had been violated and granted defendant's motion to dismiss the charge.  This appeal followed.

ANALYSIS

On appeal, the State argues that the trial court erred in granting defendant's motion to dismiss the charge based upon a statutory speedy trial violation.  In that regard, the State asserts that the trial court committed an abuse of discretion in attributing the disputed period of delay to the State.  The State argues that the delay is attributable to defendant because defendant had filed a motion to suppress and had continued the case to July 24th on her motion.  Defendant argues that there is no delay that is attributable to defendant.  That is, defendant contends that since the trial date had already been set, the filing of the motion to suppress and the continuing of the hearing on that motion to the scheduled trial date, did not cause a delay.

The speedy trial statute requires that a defendant on bail or recognizance must be tried within 160 days from the date the defendant makes a written demand for speedy trial.  725 ILCS 5/103--5(b) (West 2004); People v. Hall, 194 Ill. 2d 305, 326, 743 N.E. 2d 521, 534 (2000).  The 160 day term,

---

[1]Unless indicated otherwise, all dates listed hereafter are from the year 2002.  The year has been omitted for the purpose of simplicity.

however, does not run during any period of delay that is occasioned by or attributable to the defendant. 725 ILCS 5/103--5(b) (West 2004). A defendant not tried within the statutory period shall be discharged from custody and shall have the charges dismissed. 725 ILCS 5/103--5(d), 114--1(a)(1) (West 2004); People v. Peco, 345 Ill. App. 3d 724, 732, 803 N.E. 2d 561, 567 (2004). A defendant who brings such a motion bears the burden of affirmatively establishing a speedy-trial violation by showing that the delay was not attributable to his own conduct. Peco, 345 Ill. App. 3d at 731, 803 N.E. 2d at 567. The trial court's determination as to who is responsible for a delay of the trial is entitled to much deference and should be sustained absent a clear abuse of discretion. Peco, 345 Ill. App. 3d at 732, 803 N.E. 2d at 567. Such an abuse of discretion will be found only where the trial court's decision is arbitrary, fanciful or unreasonable or where no reasonable man would take the view adopted by the trial court. People v. Illgen, 145 Ill. 2d 353, 364, 583 N.E. 2d 515, 519 (1991).

Having reviewed the record in the present case, we find that the trial court committed an abuse of discretion by attributing the disputed period of delay to the State. It is well settled that the filing of a motion to suppress tolls the running of the speedy trial statute. People v. Jones, 104 Ill. 2d 268, 277, 472 N.E. 2d 455, 459 (1984). The defendant is charged with the time naturally associated with processing the motion, including the time necessary for the State to respond and that necessary for the court to hear and decide the issues raised. People v. Lendabarker, 215 Ill. App. 3d 540, 553, 575 N.E. 2d 568, 576 (1991). We see no reason to deviate from that rule here, especially since the record in the present case clearly indicates that the matter was continued during this period on motion of defendant. In construing each period of delay, the court must carefully examine the facts to prevent a mockery of justice either by technical evasion of the right to speedy trial by the

3

State or by a discharge of a defendant by a delay in fact caused by him. See People v. Ladd, 185 Ill. 2d 602, 609, 708 N.E. 2d 359, 362 (1999). The trial court's ruling in the present case was contrary to the record and to established case law and must be reversed. Attributing those 85 days to defendant, we find that defendant's statutory right to speedy trial was not violated.

For the foregoing reasons, we reverse the judgment of the Circuit Court of Will County and remand this case for further proceedings consistent with the order.

Reversed and remanded.

LYTTON, P. J. and WRIGHT, J. concurring.

4