THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DOMINICK PALMISANO, Defendant-Appellant.

First District (4th Division)   No. 83—357

Opinion filed May 31, 1984.

Elliot Samuels, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Peter M. Delongis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JIGANTI delivered the opinion of the court:

The defendant was indicted for the offenses of armed robbery,

theft, armed violence, and aggravated battery. (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2, 16—1(a), 33A—2, 12—4(b)(1).) Defendant then waived a jury. After both the State and defense had rested during the ensuing bench trial, a mistrial was declared because of certain communications regarding a guilty plea that were made to defense counsel by the trial judge. Subsequently, the State sought to retry defendant before a different judge. In response, defendant moved to dismiss the indictment, claiming a retrial would constitute double jeopardy. However, after a hearing that motion was denied. Defendant appeals, contending that double jeopardy prohibits his retrial since the trial judge's suggestion to defense counsel that defendant plead guilty to a reduced offense constituted judicial overreaching.

On August 2, 1982, defendant's trial began before Judge John Crowley. The evidence established that at approximately 5:30 p.m. on June 1, 1981, defendant was observed in the parking lot of a Dominick's Finer Foods Store located in River Forest. At that time, defendant and another individual were loading shopping carts belonging to Dominick's into a van. When confronted by the store manager, defendant ordered the manager to get away from him. The manager then proceeded to grab defendant by the wrists. In response, defendant began to hit the store manager with a blackjack over the shoulder and arm. Defendant then called to his accomplice and told the accomplice to shoot the store manager. When the accomplice pulled out a gun, the store manager let defendant go. Defendant and the accomplice then drove the van out of the store's parking lot. However, the store manager followed the van and alerted police as to what had happened. The police then stopped by the parked van and ordered two individuals, who were standing on the street nearby, to stop for questioning. In response, those individuals ran. The police pursued but were unable to locate them. Through information supplied by a neighbor, the police learned that the van was owned by defendant. Defendant was later identified in a lineup by the store manager as the person who had attacked him and who had taken the shopping carts from the store. At the close of the State's case in chief, defendant made a motion for a directed finding which was denied. Defendant then presented several character witnesses in his behalf. The trial was then recessed for more than two weeks.

When the trial resumed on August 19, 1982, defendant presented a motion for a mistrial. In support of that motion, defendant claimed that improper communications were made to defense counsel by the trial judge after the State had rested. Defendant asserted specifically that the trial judge had improperly initiated a plea bargaining discus-

sion between the parties after the State had presented its evidence. However, the trial court denied that motion. Defendant then proceeded to call several additional character witnesses to the stand. These witnesses testified to defendant's good reputation in the community. Later that same day after the defense had completed its case, the trial judge reversed his earlier ruling on defendant's motion for a mistrial. At that point, he recused himself from any further proceedings. The matter was then assigned to Judge James M. Bailey. Defense counsel then moved to dismiss the indictment, claiming that a retrial would constitute double jeopardy. After hearing the arguments of counsel, Judge Bailey denied defendant's motion.

As stated above, defendant contends that double jeopardy prohibits his retrial since the trial judge's communications to defense counsel after the State had rested its case, constituted judicial overreaching.

In determining the sufficiency of a double jeopardy claim, the facts of each case must be examined. (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 507-08, 431 N.E.2d 353.) Since *United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165, it has been held that whether a defendant may be retried after a mistrial has been declared without the defendant's request depends on whether there was a manifest necessity for the mistrial. However, if the mistrial can be attributed to the defendant because of his motion or consent, a different analysis is applicable. See *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 535, 387 N.E.2d 325.

■■ The standard to be used, where the defendant has requested a mistrial or at least has consented to one, is:

> " '[W]here circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error.' " *People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 508, citing *United States v. Jorn* (1971), 400 U.S. 470, 485, 27 L. Ed. 2d 543, 556-57, 91 S. Ct. 547, 557.

In the present matter, defendant made the motion for a mistrial. In that motion, defendant contended that the trial court had violated the provisions of Supreme Court Rule 402(d)(1) (87 Ill. 2d R. 402(d)(1)) in that he improperly initiated guilty plea discussions with defense counsel after the prosecution had rested its case.[1]

---

[1]Supreme Court Rule 402(d)(1) states: "The trial judge shall not initiate plea discussions."

As indicated above, even if defendant's mistrial motion is based upon judicial error, retrial is permissible. As was stated by our supreme court in *People ex rel. Roberts v. Orenic*:

> "Many mistrials are requested or consented to by defendants, even though the error or perceived error necessitating the mistrial was that of the prosecutor or the judge. 'Such a motion by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.' " (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 509, citing *United States v. Scott* (1978), 437 U.S. 82, 93, 57 L. Ed. 2d 65, 75-76, 98 S. Ct. 2187, 2194-95.)

Because of the complexities of the trial itself, some prosecutorial or judicial error may inevitably occur in a significant number of cases. To preclude reprosecution whenever such error results in a mistrial would exact too high a price for the defendant's interest in finality and accord too little weight to society's final interest in the enforcement of criminal laws. *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 593, 394 N.E.2d 496.

■■ Nevertheless, defendant contends that his request for a mistrial was necessitated by judicial overreaching rather than judicial error. It is true that if the defendant's request for a mistrial is attributable not to prosecutorial or judicial error, but rather to prosecutorial or judicial overreaching, retrial is forbidden. (*People v. Pendleton* (1979), 75 Ill. App. 3d 580, 394 N.E.2d 496.) In *Pendleton*, this court defined judicial overreaching as prosecutorial or judicial misconduct:

> "(1) [W]hich is specifically designed to provoke a mistrial in order to secure a second - and perhaps more favorable - opportunity to convict the accused [citations]; or (2) which is motivated by bad faith or undertaken to harass or prejudice the accused [citation]." (*People v. Pendleton* (1979), 75 Ill. App. 3d 580, 593.)

In contrast to prosecutorial or judicial error, overreaching is not an inevitable part of the trial process and cannot be condoned. Rather, it signals a breakdown in the integrity of the judicial proceeding. *People v. Pendleton* (1979), 75 Ill. App. 3d 580, 594.

■■ We are of the opinion that the trial judge's conduct complained of by defendant, did not constitute judicial overreaching, but rather amounted to judicial error. In response to defendant's request for a mistrial, the trial court stated:

> "Well, first of all, basically counsel, you have suggested that the court initiated a conference which, of course, would not be

proper.

I think how it was initiated as I called you in here and inquired and asked if there at any time had ever been any discussion between you and the State concerning a possible disposition other than trial. I think that was the way it was initiated, and you said no and indicated that you would be disposed to talk with them, and I think that you did talk with the State. ***

Isn't that the way it arose? I certainly did not suggest that you do it. I asked has there ever at any time been a discussion between you and the State relative to this."

We feel that this passage indicates that the trial judge did not initiate plea negotiations but was merely inquiring as to whether or not they had taken place. We do not feel that this conduct was designed to provoke a mistrial or was motivated by bad faith or undertaken to harass or prejudice the defendant. Accordingly, we do not feel that the trial court erred when it denied defendant's motion to prevent his retrial.

The order of the circuit court of Cook County, denying defendant's motion to bar his retrial as to the offenses charged by the present indictment and denying defendant's motion to dismiss the indictment, is therefore affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.