(text box: 1) NO. 5-04-0021

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Madison County.  

)

v. )  No. 02-CF-1309

)

CRAIG INGRAM, )  Honorable

)  Ann Callis,

     Defendant-Appellant. )  Judge, presiding.  

________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

After a stipulated bench trial in the circuit court of Madison County, Craig Ingram, the defendant, was convicted of aggravated criminal sexual assault.  On appeal, the issue is whether the defendant's statutory right to a speedy trial, set forth in the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/103-5(a) (West 2002)), was violated.  We affirm.

FACTS

The defendant was indicted on May 30, 2002, on two counts of aggravated criminal sexual assault and was taken into custody on August 31, 2002.  On September 3, 2002, at the defendant's initial appearance before the court, a public defender was appointed.  On September 5, 2002, the defendant filed a motion for a speedy trial.  

The defendant was arraigned on September 13, 2002, and pled not guilty.  A computer-generated docket sheet issued by the circuit clerk's office indicated that an initial trial date had been set for October 15, 2002.  On October 10, 2002, the State moved to compel the defendant to provide hair and blood samples, and the court ruled, on the same day, in the State's favor.  The record contains a notice of supplemental discovery compliance by the State, dated October 11, 2002.  The next document in the record is another notice of supplemental discovery compliance by the State, dated January 24, 2003. 

On February 28, 2003, the defendant filed a motion for his discharge for a violation of his right to a speedy trial as provided in the Code.  A hearing on that motion was held on March 23, 2003, after which the trial court denied the motion. 

On March 3, 2003, the court entered an order indicating that the trial date had been continued by the agreement of the parties.  Subsequently, the court entered several orders operating in sequence to continue the trial date by the agreement of the parties. 

On July 24, 2003, the matter proceeded to a stipulated bench trial, preserving the speedy-trial issue for review.  The State agreed to the dismissal of the second count pursuant to negotiations.  The court found the defendant guilty of count I and dismissed count II.  The defendant filed a posttrial motion raising the speedy-trial issue.  On December 22, 2003, the defendant was sentenced to 25 years' imprisonment.  The court denied the defendant's posttrial motions.  The defendant timely appeals.  

ANALYSIS

At issue is who is responsible for the period of delay following the initial trial date of October 15, 2002.  We find that the defendant is accountable for this delay under the Code.  

In Illinois, a defendant has both a constitutional right and a statutory right to a speedy trial.  U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103-5(a) (West 2002); see 
People v. Campa
, 353 Ill. App. 3d 178, 181, 818 N.E.2d 787, 790 (2004).  Generally, the protections of a speedy trial provided in the Code can be seen as a bright-line standard preventing abuses of the constitutional right.  
Campa
, 353 Ill. App. 3d at 181, 818 N.E.2d at 790.  Because the Code enforces the constitutional right to a speedy trial, protections should be liberally construed in favor of the defendant.  
People v. Colson
, 339 Ill. App. 3d 1039, 1047, 791 N.E.2d 650, 656 (2003). 

The Code operates to prevent the constitutional speedy-trial issue from arising in a case.  
People v. Stuckey
, 34 Ill. 2d 521, 523, 216 N.E.2d 785, 786 (1966).  It implements the constitutional right to a speedy trial, but the statutory right and the constitutional right are not coextensive.  
People v. Gooden
, 189 Ill. 2d 209, 217, 725 N.E.2d 1248, 1252 (2000).  "The evil intended to be prevented by the speedy trial provision is wrongful incarceration rather than wrongful accusation as it is based upon the right of the individual to liberty."  
People v. Garcia
, 65 Ill. App. 3d 472, 475, 382 N.E.2d 371, 374 (1978) (citing 
People v. Kidd
, 357 Ill. 133, 136, 191 N.E. 244, 246 (1934)).  The purpose of the 120-day threshold is to guarantee a speedy trial and not " 'to open a new procedural loophole which defense counsel could unconscionably use to obstruct the ends of justice.' "  
Gooden
, 189 Ill. 2d at 221, 725 N.E.2d at 1254 (quoting 
People v. George
, 71 Ill. App. 3d 932, 934, 390 N.E.2d 586, 587 (1979)). 

Prior to January 1, 1999, the Code provided as follows:    

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal."  725 ILCS 5/103-5(a) (West 1996).

Effective January 1, 1999, the legislature amended the Code with Public Act 90-705, which added this sentence: 

"Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record."  Public Act 90-705, §5, eff. January 1, 1999 (amending 725 ILCS 5/103-5(a) (West 1996)).

The defendant correctly contends that more than 120 days passed from the day he was taken into custody to the day of his trial.  The defendant would have had a stronger case prior to the amendment of the Code.  See 
People v. Healy
, 293 Ill. App. 3d 684, 690, 688 N.E.2d 786, 790 (1997); 
People v. Sojak
, 273 Ill. App. 3d 579, 583, 652 N.E.2d 1061, 1065 (1995); 
cf.
 
People v. Myers
, 352 Ill. App. 3d 684, 688, 816 N.E.2d 820, 824 (2004) (a postamendment case not discussing the effect of the amendment).  The amendment of the Code mandates a different outcome.  

Despite the significance of this question, there is a dearth of case law interpreting the 1999 amendment.  In 
People v. Hill
, the court ruled that a defendant did not object to a mistrial in such a way to allow him to later claim that he was exposed to double jeopardy. 
People v. Hill
, 353 Ill. App. 3d 961, 966-67, 819 N.E.2d 1285, 1289-90 (2004).  The court analogized the speedy-trial provisions of the Code to a defendant's responsibilities upon the declaration of a mistrial.  It viewed the amendment to the Code as an example of a defendant's responsibility to make his objection clear:   

"The amendment to section 103-5 of the Code evinces the intent of the policymakers of this state to require some affirmative action on the defendant's part to preserve the right to seek dismissal of the criminal charges against him on speedy-trial grounds."  
Hill
, 353 Ill. App. 3d at 967, 819 N.E.2d at 1290. 

The most extensive discussion of the amendment was in 
People v. Peco
, 345 Ill. App. 3d 724, 733, 803 N.E.2d 561, 568 (2004).  In 
Peco
, the defendant was in custody for 317 days prior to his trial.  The court noted that the appellate court had not yet interpreted the effect of Public Act 90-705 on the Code.  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 566. 

In 
Peco
, the initial question was when the 120-day period began.  The parties' positions on the first issue were ironic.  For good reasons, the State and the defendant supported positions contrary to the arguments they present in this case.  The State argued that the effect of the amendment was to require the defendant to make an oral or written demand for a speedy trial before the 120-day period began to run.  The court, however, ruled that this was not the intent of the amendment.  It pointed out that the Code measures " '120 days from the date he was taken into custody.' "  (Emphasis omitted.)  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 566 (quoting 725 ILCS 5/103-5(a) (West 2000)).  The court found that this language would be meaningless if the amendment to the Code was interpreted to require a defendant to move for a speedy trial.  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 566.  The court further noted that the legislature could have written explicit language stating that a defendant must expressly demand a trial prior to the commencement of the speedy-trial period.  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 567.  It found that the purpose of the amendment was to aid courts in determining who should be responsible for certain delays once a defendant is in custody.  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 567.    

The court then determined which party was responsible for what delays, noting the defendant bears the burden of affirmatively showing that a delay was not attributable to his own conduct.  
Peco
, 345 Ill. App. 3d at 731, 803 N.E.2d at 567.  The court pointed out that a defendant is responsible for any express agreement to a continuance.  
Peco
, 345 Ill. App. 3d at 731-32, 803 N.E.2d at 567.  It then added to the area of the defendant's responsibility by quoting the amendment to the Code.  
Peco
, 345 Ill. App. 3d at 732, 803 N.E.2d at 567. 

The court then looked at specific periods of delay.  It stated that the trial court's findings regarding who was responsible for a delay were entitled to deference and should not be reversed absent a clear abuse of discretion.  
Peco
, 345 Ill. App. 3d at 732, 803 N.E.2d at 567. 

The relevant disputed time was from November 7, 2001, to January 3, 2002.  
Peco
, 345 Ill. App. 3d at 732, 803 N.E.2d at 568.  At a hearing on November 7, 2001, the defendant asked that the matter be set for a bench trial, and the State asked that the trial be set for January 2002.  Defense counsel responded that she preferred the soonest date possible but that she " 'underst[ood] the schedule of the State.' "  
Peco
, 345 Ill. App. 3d at 733, 803 N.E.2d at 568.  The trial was set for January 9, 2002, but the order was silent regarding to whom the delay was attributable.  The defendant argued that his counsel's request for the earliest possible date was an oral demand for a trial pursuant to the Code's amendment.  
Peco
, 345 Ill. App. 3d at 733, 803 N.E.2d at 568; 725 ILCS 5/103-5(a) (West 2000).  The court found that cases cited by the State were inapplicable because they addressed what constituted an agreement to a delay by a defendant prior to the amendment.  See 
People v. Kliner
, 185 Ill. 2d 81, 117-18, 705 N.E.2d 850, 870 (1998) (a continuance was granted to resolve a defense motion); 
People v. Cooksey
, 309 Ill. App. 3d 839, 845, 723 N.E.2d 784, 789 (1999) (a continuance was granted to allow the defendant time to prepare a motion).  The court found that the amendment required the defendant to make a demand for a trial: 

"Nevertheless, section 103-5(a) of the Code now states that '[d]elay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record.'  725 ILCS 5/103-5(a) (West 2000).  As discussed previously, the order entered on November 7, 2001, setting the matter for trial on January 9, 2002, is silent regarding to whom the delay should be attributed.  Furthermore, the order does not indicate that the speedy-trial period was tolled[,] and there is no written demand for trial on record for the court date in question.  Thus, in order for the period to be attributable to the State, defendant must have made an oral demand for trial."  
Peco
, 345 Ill. App. 3d at 734, 803 N.E.2d at 569.

The court held that the statements made by the defendant at the November 7, 2001, hearing did not constitute an oral demand for a trial pursuant to the amendment to the Code.  For support, it looked to what constituted a demand for a trial under section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 2000)), holding that there must be some affirmative statement demanding a trial and that the demand could not be in ambiguous language.  The court concluded that the defendant had agreed to the delay "[b]ecause the record does not contain an objection in the form of an oral or written demand for trial as required by section 103-5(a) of the Code."  
Peco
, 345 Ill. App. 3d at 735, 803 N.E.2d at 570. 

In the instant case, the trial court's ruling is supported by 
Peco
.  The defendant correctly points out that 
Peco
 reaffirmed that a defendant need not make a speedy-trial demand in order to start the speedy-trial clock.  The time under section 103-5(a) begins when a defendant is taken into custody.  As 
Peco
 pointed out, the legislature could have amended this section to resemble section 103-5(b), which provides that, for a defendant free on bail, the time begins when he demands a trial.  
Peco
, 345 Ill. App. 3d at 734, 803 N.E.2d at 569.  The amendment does not address when the speedy-trial clock begins, but the beginning of the 120-day period is not what is at issue.

At issue is what delay should be attributed to the defendant after the clock began.  The time period in dispute on appeal is between October 15, 2002, and February 28, 2003.  A trial was set for October 15, 2002.  On that date, the defendant did not assert his right to a trial or demand that a trial be set at a new date.  Delay ensued.  Arguably, the defendant objected when he moved to dismiss on February 28, 2003.     

The defendant asserts that under 
Peco
 the amendment is only applicable if the State files a motion for a continuance.  Although the court in 
Peco
 heard motions for a continuance by the State on occasions before and after November 7, 2001, the opinion is unclear what matter was scheduled on that date.  In any event, nowhere does 
Peco
 suggest that its analysis is limited to responses to motions to continue by the State.  
Peco
 holds that the amendment addresses delays that occur after the speedy-trial clock begins.  As 
Peco
 illustrates, the amendment places on a defendant the burden to make his objection and demand for a trial clear on the record. 

 Under the plain language of the Code, the defendant is considered to have agreed to a delay unless he objects by demanding a trial.  The defendant's contention that he is only obligated to object to motions to continue is contrary to the wording of the amendment.  The legislature placed no such limit on a defendant's responsibility to make his position clear.  It could have easily written that a defendant must object to any motions for a continuance.  Instead, the legislature used the term "delay."  

This matter was set for a trial on October 15, 2002.  The defendant could have asserted a right to a trial on that date, but he did not.  He expressed no concern for the delay until he demanded that the case be dismissed for a violation of his speedy-trial rights.  The passing of the initial trial date inevitably led to delay.  We see no reason to limit the reading of the Code to delays incurred directly from motions to continue by the State.  Under the amendment to the Code, the defendant is considered to have agreed to the delay.  

The Code operates as a bright-line standard to protect a constitutional right.  
Campa
, 353 Ill. App. 3d at 181, 818 N.E.2d at 790.  The constitutional right to a speedy trial differs from other protections because, in some instances, an abridgment of the right might work to a defendant's advantage.  
People v. Crane
, 195 Ill. 2d 42, 47, 743 N.E.2d 555, 559 (2001).  Jurisdictions differ on how a defendant must act in order to keep the hands of the speedy-trial clock spinning.  See 22A C.J.S. 
Criminal Law
 §605(b) (1989 & Supp. 2004); Annotation, 
Waiver or Loss of Accused's Right to Speedy Trial
, 57 A.L.R. 2d 302 (1958 & Supp. 2003); 
e.g.
, 
Rhoton v. State
, 575 N.E.2d 1006 (Ind. App. 1991).  Placing a burden on the defendant to make clear on the record that he does not support a delay is in line with his constitutional right to a speedy trial.  The Code, as amended, promotes an expeditious trial on the merits without promoting gamesmanship.  

CONCLUSION

Accordingly, the judgment of the circuit court is hereby affirmed.

Affirmed.

DONOVAN, P.J., and WELCH, J., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 04/07/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.